IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEPHEN RAY CARPENTER,<br>    Plaintiff, | )<br>)  Case No. 7:22-cv-00446<br>) |
| v. | )<br>)<br>)  By: Michael F. Urbanski |
| HAROLD W. CLARKE, et al.,<br>    Defendants. | )  Chief United States District Judge<br>) |

## MEMORANDUM OPINION

Stephen Ray Carpenter, a Virginia inmate proceeding pro se, filed this civil rights action against Harold W. Clarke and other individuals employed by the Virginia Department of Corrections. Carpenter seeks to hold the defendants liable under 42 U.S.C. § 1983 for the delayed delivery of his legal mail. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim against the named defendants.

### I.  Background

Carpenter is currently incarcerated at Keen Mountain Correctional Center ("KMCC"). Compl., ECF No. 1, at ¶ 3. On January 14, 2022, a legal mail package addressed to Carpenter arrived in the mailroom at KMCC. Id. ¶ 11. The package was not delivered to Carpenter within 72 hours, as is typically required by VDOC policy. Id. Instead, the legal mail "was left in seg[regation] already opened out of the box and found by [Unit Manager] Farmer on 3/9/2022 at 3:00 p.m." Id. Farmer delivered the mail to Carpenter that same day. Id.

On April 9, 2022, Carpenter filed a regular grievance complaining that the 54-day delay in receiving the legal mail package "caused [him] to miss a serious deadline with [his] freedom

at stake." Compl. Ex. 2, ECF No. 1-1 at 2; see also Compl. Ex. 3, ECF No. 1-1 at 3 (asserting that the mishandling of his legal mail caused him to miss the deadline for filing an appeal). The grievance was determined to be "founded." Compl. Ex. 4, ECF No. 1-1 at 4. Carpenter was advised that prison staff had been "addressed regarding the matter to ensure no future delays/similar incidents [occur]." Compl. Ex. 1, ECF No. 1-1 at 1.

On August 3, 2022, Carpenter filed this action against VDOC Director Clarke, Warden Hamilton, Assistant Warden McCoy, Unit Manager Farmer, Lieutenant Blankenship, Major Owens, and "All Watch Commanders." Compl. at 1. Carpenter claims that the delayed delivery of the legal mail package violated his constitutional right to access the courts. He seeks to hold the defendants liable under 42 U.S.C. § 1983 on the basis that they are responsible for the operation of KMCC and the welfare of the inmates at that facility. See id. ¶¶ 4–9.

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A. On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). The plaintiff must also show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017) (internal quotation marks and citation omitted). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

First, the complaint does not contain sufficient facts to state a constitutional claim for denial of access to the courts. To state such a claim, a plaintiff must plead facts showing that

he has suffered an "actual injury" as a result of the denial of access. See Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (emphasizing that a prisoner must "identify an actual injury" resulting from the denial of access and "cannot rely on conclusory allegations"). To satisfy the "actual injury" requirement, a plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" that has been frustrated or impeded as a result of the defendants' actions. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3). In other words, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id.

Carpenter's complaint does not satisfy this requirement. Although the attached grievance forms indicate that the delayed delivery of the package caused him to miss an appeal deadline, he does not describe the documents contained in the package or the particular claim that he intended to pursue on appeal. Because Carpenter does not adequately allege that he was hindered in pursuing a nonfrivolous claim, his complaint fails to state a claim for denial of access to the courts. See, e.g., Monroe v. Beard, 536 F.3d 198, 206 (3rd Cir. 2008) (holding that the plaintiffs failed to state an access-to-courts claim where they "alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous").

Additionally, it is well settled that prison officials cannot be held liable under § 1983 merely because they hold managerial or supervisory positions. Instead, a plaintiff must plead (and ultimately prove) "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Shaw v.

Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth the elements necessary to establish supervisory liability under § 1983). Because the complaint does not satisfy this requirement with respect to any of the named defendants, it fails to state a claim upon which relief may be granted.

## IV. Conclusion

For the foregoing reasons, the court concludes that Carpenter's complaint is subject to dismissal for failure to state a claim against the named defendants. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses. An appropriate order will be entered.

Entered: 09/22/2022

Michael F. Urbanski
Chief United States District Judge