IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEPHEN RAY CARPENTER,<br> Plaintiff, | )<br>) Case No. 7:22-cv-00446<br>) |
| v. | )<br>)<br>) By: Michael F. Urbanski |
| HAROLD W. CLARKE, et al.,<br> Defendants. | ) Chief United States District Judge<br>) |

**MEMORANDUM OPINION**

Stephen Ray Carpenter, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, seeking to hold the defendants liable for the delayed delivery of his legal mail.* By memorandum opinion and order entered September 23, 2022, the court dismissed Carpenter's complaint without prejudice for failure to state a claim against the named defendants. ECF Nos. 6 and 7. The order permitted Carpenter to file a motion to reopen the action, along with an amended complaint, within thirty days of the entry of the order, if he believed that he could remedy the deficiencies noted by the court. ECF No. 7.

On October 7, 2022, Carpenter submitted a pleading that was docketed as both a motion to reopen the case and as an amended complaint. ECF No. 8. For the reasons set forth below, the court will grant the motion to reopen for the limited purpose of reviewing the amended complaint under 28 U.S.C. § 1915A(a). Having reviewed the amended complaint,

---

* The defendants named in the original complaint included Harold Clarke, the Director of the Virginia Department of Corrections; I. Hamilton, the Warden of Keen Mountain Correctional Center; Assistant Warden McCoy; Unit Manager Farmer; Lt. Blankenship; Major Owens; and "All Watch Commanders." Compl., ECF No. 1, at 1–4.

the court concludes that it must be dismissed for failure to state a claim against the named defendants.

## I. Background

Carpenter is currently incarcerated at Keen Mountain Correctional Center ("KMCC"). Am. Compl., ECF No. 8, at 3. On January 14, 2022, a legal mail package addressed to Carpenter arrived in the mailroom at KMCC. Id. The package was not delivered to Carpenter within 72 hours, as is typically required by VDOC policy. Id. Instead, "the legal mail was delivered to another inmate who was in segregation at the time." Id. After the other inmate was released from segregation, "[t]he legal mail was left on the table . . . already opened and out of [the] box when found by (Unit Manager) Farmer on March 9th, 2022 at 3:00 p.m." Id. Farmer delivered the mail to Carpenter that same day. Id.

Carpenter claims that he was denied access to the courts as a result of the delay in receiving the package. Id. at 4. Although it is not entirely clear from his allegations, Carpenter appears to suggest that he needed the documents contained in the package to file a federal habeas corpus petition. Id.

Carpenter also claims that he was exposed to unsafe conditions of confinement as a result of the package being delivered to another inmate. Id. at 5. Carpenter alleges that the package contained "potentially harmful information" related to his status as a registered sex offender, which "placed Carpenter's safety at risk." Id. at 3.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III.   Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien,

3

848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). The plaintiff must also show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017) (internal quotation marks and citation omitted). Having reviewed the amended complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

First, the amended complaint does not contain sufficient facts to state a constitutional claim for denial of access to the courts. To state such a claim, a plaintiff must plead facts showing that he has suffered an "actual injury" as a result of the denial of access. Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (emphasizing that a prisoner must "identify an actual injury" resulting from the denial of access and "cannot rely on conclusory allegations"). To satisfy the "actual injury" requirement, a plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" that has been frustrated or impeded as a result of the defendants' actions. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3). In other words, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id.

Carpenter's amended complaint does not satisfy this requirement. Although the pleading appears to suggest that Carpenter needed the documents to file a habeas corpus petition, he does not describe the documents contained in the package or the particular claims that he intended to pursue. Because Carpenter does not adequately allege that he was hindered in pursuing a nonfrivolous habeas corpus claim, his complaint fails to state a claim for denial

4

of access to the courts. See, e.g., Monroe v. Beard, 536 F.3d 198, 206 (3rd Cir. 2008) (holding that the plaintiffs failed to state an access-to-courts claim where they "alleged that they lost the opportunity to pursue attacks of their convictions . . . but did not specify facts demonstrating that the claims were nonfrivolous").

Additionally, the amended complaint does not contain sufficient facts to state an Eighth Amendment claim for unlawful conditions of confinement. To state such a claim, a plaintiff must allege facts sufficient to demonstrate (1) that "the deprivation alleged [was], objectively, sufficiently serious," and (2) that "prison officials acted with deliberate indifference." Porter v. Clarke, 923 F.3d 348, 355, 361 (4th Cir. 2019) (internal quotation marks and citations omitted). To satisfy the first requirement, a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the [plaintiff's] exposure to the challenged conditions." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citations omitted). To satisfy the second requirement, a plaintiff must allege facts sufficient to demonstrate that a defendant actually knew of and disregarded an objectively serious condition, medical need, or risk of harm. Id. This is an "exacting standard," which is not met by "mere negligence." Jackson, 775 F.3d at 178.

Applying these principles, the court concludes that Carpenter's amended complaint fails to state a viable claim under the Eighth Amendment against any of the named defendants. Even assuming that the package contained information that could have placed Carpenter's safety at risk, he does not allege, much less plausibly demonstrate, that any of the defendants actually knew of and disregarded a substantial risk of serious harm, as required to meet the

subjective component. His conclusory assertion of "deliberate indifference" on the part of "prison officials" is insufficient to satisfy the applicable pleading requirements. See Brown v. Rozum, 453 F. App'x 127, 129 (3d Cr. 2011) (emphasizing that "conclusory allegations that the defendants were deliberately indifferent are insufficient" to state a claim) (citing Twombly, 550 U.S. at 555); see also Iqbal, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution").

## IV. Conclusion

For the foregoing reasons, the court concludes that Carpenter's amended complaint fails to state a claim against the named defendants. Therefore, the amended complaint is subject to dismissal under 28 U.S.C. § 1915A(b)(1).

An appropriate order will be entered.

Entered: December 9, 2022

*Digitally signed by Michael F. Urbanski Chief U.S. District Judge*
*Date: 2022.12.09 15:31:18 -05'00'*

Michael F. Urbanski
Chief United States District Judge