IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEPHEN RAY CARPENTER, )<br>    Plaintiff, )<br>  )<br>v. )<br>  )<br>  )<br>HAROLD W. CLARKE, et al., )<br>    Defendants. ) | Civil Action No. 7:22-cv-00446<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

### ORDER

Stephen Ray Carpenter, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, seeking to hold the defendants liable for the delayed delivery of his legal mail. On December 9, 2022, the court dismissed Carpenter's amended complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. The court concluded that the amended complaint did not contain sufficient facts to state a constitutional claim for denial of access to the courts or for unlawful conditions of confinement. See Mem. Op., ECF No. 10, at 3–6. Carpenter subsequently filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), which is presently before the court. ECF No. 12. For the following reasons, the motion is **DENIED**.

Because Carpenter filed the motion within 28 days of the entry of the dismissal order, the motion is properly evaluated under Rule 59(e). MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008). Rule 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (quoting White v. New Hampshire Dep't of Emp. Sec., 455 U.S. 445, 450 (1982)). Importantly, however, the Rule "may not be used to relitigate old matters, or to raise

arguments . . . that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks and citation omitted). Instead, "[a] Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. NASCAR, 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Id.

Applying these principles, the court concludes that Carpenter is not entitled to relief under Rule 59(e). Carpenter does not point to any change in controlling law or identify any new evidence that was previously unavailable. Nor does he identify any clear error in the court's previous decision. Instead, he reemphasizes that, during the administrative remedy process, the warden and the regional administrator determined that his grievance was founded and that the delayed delivery of his legal mail violated the applicable policy of the Virginia Department of Corrections. See Compl. Ex. 4, ECF No. 1-1. Contrary to Carpenter's assertions, however, the grievance decisions do not constitute "a favorable ruling on the issue of liability." Pl.'s Mot. for Reconsideration, ECF No. 12, at 2. The failure to follow prison policies or procedures is "not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation." Jackson v. Sampson, 536 F. App'x 356, 358 (4th Cir. 2013). Therefore, the policy violation on which Carpenter relies is insufficient, on its own, to support a claim for relief under § 1983. To the extent Carpenter disagrees with the court's

2

previous decision, "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

For these reasons, it is hereby **ORDERED** that Carpenter's motion for reconsideration, ECF No. 12, is **DENIED**.

The Clerk shall send a copy of this order to Carpenter.

It is so **ORDERED**.

Entered: May 8, 2023

Digitally signed by Michael F. Urbanski
Chief U.S. District Judge
Date: 2023.05.08 12:06:37 -04'00'

Michael F. Urbanski
Chief United States District Judge